The PEOPLE of the State of
Colorado, Complainant,

v.

William B. KIESEWETTER, Respondent.

No. 99PDJ116.

Office of the Presiding Disciplinary Judge
of the Supreme Court of Colorado.

On August 30, 2006, the Presiding Disciplinary Judge (the Court) held a Sanctions Hearing pursuant to C.R.C.P. 251.18(d). James C. Coyle appeared on behalf of the Office of Attorney Regulation Counsel (the People). William B. Kiesewetter (Respondent) did not appear, nor did counsel appear on his behalf. The Court issues the following Report, Decision and Order Imposing Sanctions.

### REPORT, DECISION AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

WILLIAM R. LUCERO, Presiding Disciplinary Judge.

## I. *ISSUE*

If Regulation Counsel does not seek substantially different discipline and the respondent does not challenge an order based on any of the grounds set forth in C.R.C.P. 251.21(d), the Presiding Disciplinary Judge may impose the same discipline imposed by a foreign jurisdiction. The Pennsylvania Supreme Court disbarred Respondent for fraudulent misconduct and the People seek the reciprocal sanction. Respondent failed to participate in these proceedings. Is disbarment the appropriate reciprocal discipline?

*SANCTION IMPOSED:* **ATTORNEY DISBARRED**

## II. *PROCEDURAL HISTORY AND BACKGROUND*

The People filed their original Complaint in this matter on November 8, 1999. On January 20, 2000, the Court granted a stipulated motion of the parties to place the mat-

ter in abeyance pending the outcome of disciplinary proceedings in Pennsylvania.

■ On March 29, 2006, the Court removed the case from abeyance and granted a Motion for Leave to File Amended Complaint filed by the People. Respondent failed to file an Answer to the Amended Complaint and the Court granted the Peoples Motion for Default on June 7, 2006. Upon the entry of default, the Court deems all facts in the Complaint admitted and all rule violations established by clear and convincing evidence. *People v. Richards*, 748 P.2d 341, 346 (Colo. 1987).

■ The Court hereby adopts and incorporates by reference the factual background of this case fully detailed in the admitted Amended Complaint and its attachment. On December 27, 2005, the Pennsylvania Supreme Court disbarred Respondent for violating Pa. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).[1] The Pennsylvania Supreme Court found that Respondent had defrauded his sisters and nephews of family assets and misappropriated such entrusted funds.

The allegations in Pennsylvania initially arose from a civil verdict entered against Respondent in the United States District Court for the Western District of Pennsylvania. The civil litigation stemmed from a dispute between Respondent and his sisters over the ownership of family assets with a principal value exceeding $2.4 million. On December 5, 1994, the jury returned a verdict against Respondent, finding him liable for breach of fiduciary duty, unjust enrichment, and fraud.

The Pennsylvania Supreme Court found that Respondents actions in defrauding his sisters and nephews of family assets clearly violated Pa. RPC 8.4(c), which provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation. The Pennsylvania Supreme Court also held that such misconduct warranted disbarment from the practice of law.

A lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction although engaged in practice elsewhere. Colo. RPC 8.5. A final adjudication in another jurisdiction of misconduct constituting grounds for discipline of an attorney shall, for purposes of proceedings pursuant to these Rules, conclusively establish such misconduct. C.R.C.P. 251.21(a). The adopted facts establish that Respondent violated Colo. RPC 8.4(c) (engaged in conduct involving dishonesty, fraud, deceit or misrepresentation).

### III. *SANCTIONS*

At the conclusion of proceedings brought under C.R.C.P. 251.21, a Hearing Board shall issue a decision imposing the same discipline imposed by the foreign jurisdiction, unless it is determined by the Hearing Board that:

(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;

(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Hearing Board cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;

(3) The imposition by the Hearing Board of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or

(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Hearing Board.

C.R.C.P. 251.21(d)(1–4). However, if Regulation Counsel does not seek substantially different discipline and if the respondent does not challenge the order based on any of the grounds set forth in (d)(1–4) above, then the Presiding Disciplinary Judge may, without a hearing or Hearing Board, issue a decision imposing the same discipline as imposed by the foreign jurisdiction. C.R.C.P. 251.21(e). The People did not seek a substantially different discipline and Respondent did not challenge the order from the Pennsylvania Supreme Court. Accordingly, the Court is-

---

1. The Court attaches the Opinion of the Pennsylvania Supreme Court to this report.

sues this decision imposing the same discipline as imposed by the Pennsylvania Supreme Court.

## IV. *CONCLUSION*

One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to them. The Colorado Rules of Professional Conduct specifically protect the public from lawyers licensed in Colorado but who practice in other jurisdictions. Here, Respondent defrauded his sisters and nephews of family assets and misappropriated such entrusted funds. Further, his failure to participate in these reciprocal proceedings or challenge the order of disbarment from Pennsylvania leaves the Court with no option but to impose the same discipline. Accordingly, the Court concludes disbarment is the appropriate sanction in this case.

## V. *ORDER*

The Court therefore **ORDERS**:

1. WILLIAM B. KIESEWETTER, Attorney Registration No. 14503, is **DISBARRED** from the practice of law, effective thirty-one (31) days from the date of this Order, and his name shall be stricken from the list of attorneys licensed to practice law in the State of Colorado.

2. WILLIAM B. KIESEWETTER **SHALL** pay the costs of these proceedings. The People shall submit a Statement of Costs within fifteen (15) days of the date of this Order. Respondent shall have ten (10) days within which to respond.

